ROBERT P. RYAN AND BEN E. BERG, JR., FOR THEMSELVES AND AS THE COMMITTEE ON UNLAWFUL PRACTICE OF LAW OF THE MONTANA BAR ASSOCIATION, AND AS REPRESENTATIVES OF A CLASS WITH LIKE INTERESTS, PLAINTIFFS AND APPELLANTS, v. BROTHERHOOD OF RAILROAD TRAINMEN, AN INTERNATIONAL RAILROAD UNION, ET AL., DEFENDANTS AND RESPONDENTS.

No. 10479

Submitted October 8, 1963. Decided September 16, 1964.

Rehearing denied November 16, 1964.

396 P.2d 113

Robert P. Ryan (argued), Billings, Ben E. Berg, Jr. (argued), Bozeman, for appellants.

A. G. Shone, Butte, R. L. Herriott (argued), J. F. Meglen (argued), Billings, Edwin S. Booth, Helena, Bruce R. Toole, Billings, Sherman V. Lohn, Missoula, for respondents.

DISTRICT JUDGE VICTOR H. FALL, sitting in place of Mr. Justice Doyle, delivered the Opinion of the Court.

This action was brought by the Montana Bar Association against the Brotherhood of Railroad Trainmen, a number of non-resident attorneys and individuals and three railroads. The railroads appeared but took no active part and apparently were joined as nominal defendants.

The appellant charged the defendants, except the railroads, with having formed a conspiracy having for its purpose the unauthorized practice of law in Montana and with having operated under such plan for some time prior thereto. An Order to Show Cause was issued and an extensive hearing had thereon. The facts disclosed were essentially the same as in Hildebrand v. State Bar of California, 36 Cal.2d 504, 225 P.2d 508; Doughty v. Grills, 37 Tenn.App. 63, 260 S.W.2d 379; In re Brotherhood of Railroad Trainmen, 13 Ill.2d 391, 150 N.E.2d 163, and the recently (1964) decided case of Brotherhood of Railroad Trainmen v. Virginia State Bar, 372 U.S. 905, 83 Sup.Ct. 719, 9 L.Ed.2d 715, and it is felt that it is not necessary to detail them here.

By stipulation of all counsel, the record made at the hearing just mentioned was submitted as a basis for final determination of the action. Pursuant thereto the court below made Findings of Fact, Conclusions of Law, and issued an injunction restraining certain defendants from performing acts found to be in violation of the Canons of Ethics and of the right to practice law. This appeal followed and appellant assigned as error the inadequacy of the decree so granted.

In view of the ruling in the case of Brotherhood of Railroad

Trainmen v. Virginia State Bar, supra, decided since submission of the present appeal, it appears that the decree of the lower court was broader than the decision of the Supreme Court of the United States would justify rather than inadequate as the appellant claims and hence this appeal should be dismissed. Each party to bear its own costs.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR, concur.